Brandon J. Baxter (#9122)
PECK BAXTER WATKINS & BAILEY, LLC
399 North Main, Suite 300
Logan, Utah 84321
Telephone: (435)787-9700
Facsimile: (435)787-2455
bbaxter@peckbaxter.com
*Attorneys for the Plaintiff*

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PAUL RAFORD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER BRADFORD,<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br><br>Case No.: _____<br>Judge: _____ |

Plaintiff PAUL RAFORD ("Mr. Raford") by and through his counsel of record, Brandon J. Baxter, D. Cole Fronk, and Peck Baxter Watkins & Bailey, LLC, alleges against Defendant CHRISTOPHER BRADFORD ("the Defendant"), as follows:

### NATURE OF THE ACTION

1.　　This is a civil action for damages sustained by Mr. Raford when the Defendant assaulted and battered him.

### PARTIES, JURISDICTION AND VENUE

2.　　At all times relevant to this matter, Mr. Raford was a resident of Jefferson County, Colorado.

Complaint

3. At all times relevant to this action, Defendant Christopher Bradford ("Defendant Bradford") was a resident of Frederick County, Virginia.

4. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant Christopher Bradford because the events giving rise to the claims occurred in Utah, where Defendant voluntarily traveled and engaged in the conduct at issue.

6. Venue is proper in this Court pursuant to 28 USCS § 1391, as the events giving rise to Plaintiff's claims occurred in Canyonlands National Park, Utah.

## GENERAL ALLEGATIONS

7. Mr. Raford is a Colorado resident.

8. Defendant Bradford is a resident of Virginia.

9. Mr. Raford's adult son, Jared Raford ("Jared"), is disabled and requires support for all activities of daily living.

10. In the Spring of 2023, Defendant Bradford agreed to assist Mr. Raford in taking Jared on a camping trip in Moab, Utah.

11. In return for Defendant Bradford's help, Mr. Raford paid for the housing, food, and travel costs of Defendant Bradford and Defendant Bradford's wife for the Moab camping trip. As part of this arrangement, Mr. Raford paid for a Jeep camper trailer for Defendant Bradford and his wife to use during the trip.

12. On May 28, 2023, the group set up camp in Canyonlands National Park.

Complaint

13. On the morning of May 29, 2025, Defendant Bradford lost his temper during a conversation and began shouting at Mr. Raford.

14. In an attempt to defuse the situation, Mr. Raford walked away from Defendant Bradford and to his own camp trailer.

15. After Mr. Raford had returned to his camp trailer, Defendant Bradford approached Mr. Raford and again began to shout at Mr. Raford.

16. Eventually, Defendant Bradford punched Mr. Raford in the left side of his chest.

17. Defendant Bradford's punch knocked Mr. Raford to the ground on his back.

18. While still on the ground, Mr. Raford turned to his stomach.

19. After Mr. Raford had turned over to his stomach, Defendant Bradford then flipped Mr. Raford onto his back.

20. Next, Defendant Bradford dragged Mr. Raford into a seated position between Defendant Bradford's legs and compressed Mr. Raford's neck in a chokehold.

21. While in Defendant Bradford's chokehold, Mr. Raford nearly lost consciousness.

22. Defendant Bradford did not release Mr. Raford from the chokehold until Defendant Bradford's wife and another companion arrived on the scene and screamed for Defendant Bradford to stop.

23. At the time of the assault, Mr. Raford was 73 years old and 155 lbs.

24. At the time of the assault, Defendant Bradford was 33 years old and at least 240 lbs., with training in Jujitsu.

25. Jared Raford was in Mr. Raford's rented trailer at the time of the assault and witnessed the assault.

Complaint

26. Defendant's actions, as described above were a cause of physical harm and economic and noneconomic damages to Mr. Raford.

## FIRST CAUSE OF ACTION
(Assault)

27. The previous paragraphs are realleged and incorporated by reference

28. As described above, Defendant Bradford assaulted Mr. Raford on May 29, 2023.

29. Defendant Bradford's actions, as described above, placed Mr. Raford in imminent apprehension of physical contact.

30. The physical contact of which Mr. Raford was in imminent apprehension was harmful and offensive.

31. Mr. Raford did not consent to the physical contact or the imminent apprehension of the physical contact made by the Defendant Bradford against Mr. Raford.

32. Defendant Bradford's conduct constitutes assault and was willful and wonton, was carried out with reckless disregard of the consequences, manifested a knowing and reckless indifference toward and a disregard of Mr. Raford's rights, and was done under such circumstances and conditions that a reasonable person would know, or would have reason to know, that such conduct would with a high degree of probability, result in harm to Mr. Raford.

33. Defendant Bradford's assault of Mr. Raford has caused Mr. Raford injuries which have resulted in Mr. Raford experiencing economic and noneconomic damages in an amount to be proven at trial.

34. Defendant Bradford is liable to Mr. Raford for the economic and noneconomic damages that Mr. Raford has experienced as a result of the May 27, 2023 assault.

35. Mr. Raford is entitled to recover from Defendant Bradford those economic and noneconomic damages resulting from his injuries.

## SECOND CAUSE OF ACTION
**(Battery)**

36. The previous paragraphs are realleged and incorporated by reference.

37. Defendant Bradford intended to cause physical contact with Mr. Raford.

38. Defendant Bradford did in fact cause physical contact with Mr. Raford, including but not limited to striking Mr. Raford in the chest and placing Mr. Raford in a chokehold.

39. Defendant Bradford's physical contact with Mr. Raford was harmful and offensive.

40. Mr. Raford did not consent to the physical contact described above.

41. The harmful or offensive physical contact from Defendant Bradford caused and continues to cause Mr. Raford to suffer damages.

42. The Defendant's conduct constituted battery and was willful and wonton, was carried out with reckless disregard of the consequences, manifested a knowing and reckless indifference toward and a disregard of Mr. Raford's rights, and was done under such circumstances and conditions that a reasonable person would know, or would have reason to know, that such conduct would with a high degree of probability, result in harm to Mr. Raford.

43. Defendant's battery of Mr. Raford caused Mr. Raford to suffer multiple physical injuries, including two displaced ribs.

44. The Defendant's battery of Mr. Raford has caused Mr. Raford injuries which have resulted in Mr. Raford experiencing economic and noneconomic damages in an amount to be proven at trial.

Complaint

45. The Defendant is liable to Mr. Raford for the economic and noneconomic damages that Mr. Raford has experienced as a result of the May 29, 2023 battery.

46. Mr. Raford is entitled to recover from the Defendant those economic and noneconomic damages resulting from his injuries.

### THIRD CAUSE OF ACTION
(**Intentional Infliction of Emotional Distress**)

47. The previous paragraphs are realleged and incorporated by reference.

48. Defendant Bradford engaged in the conduct toward Mr. Raford alleged above intentionally.

49. Defendant Bradford's conduct toward Mr. Raford alleged above is considered outrageous and intolerable in that it offends the generally accepted standards of decency and morality.

50. Defendant Bradford engaged in the outrageous and intolerable conduct alleged above with the purpose of inflicting emotional distress or where any reasonable person would have known that emotional distress would result.

51. Defendant Bradford's outrageous and intolerable conduct alleged above directly caused and continues to cause Mr. Raford emotional distress.

52. Defendant Bradford's conduct constituting intentional infliction of emotional distress was willful and wonton, was carried out with reckless disregard of the consequences, manifested a knowing and reckless indifference toward and a disregard of Mr. Raford's rights, and was done under such circumstances and conditions that a reasonable person would know, or would have reason to know, that such conduct would, with a high degree of probability, result in harm to Mr. Raford.

Complaint

## FOURTH CLAIM OF ACTION

### (Negligent Infliction of Emotional Distress)

53. The previous paragraphs are realleged and incorporated by reference.

54. Defendant Bradford engaged in the conduct toward Mr. Raford alleged above intentionally.

55. Defendant Bradford should have realized that his conduct alleged above involved an unreasonable risk of causing emotional distress.

56. From the facts known to him, Defendant Bradford should have realized that the emotional distress, if it were caused, might result in illness or bodily harm.

57. Defendant Bradford's conduct alleged above caused and continues to cause Mr. Raford emotional distress.

58. The Defendant's conduct constituting negligent infliction of emotional distress was willful and wonton, was carried out with reckless disregard of the consequences, manifested a knowing and reckless indifference toward and a disregard of Mr. Raford's rights, and was done under such circumstances and conditions that a reasonable person would know, or would have reason to know, that such conduct would, with a high degree of probability, result in harm to Mr. Raford.

## JURY DEMAND

59. Mr. Raford demands a trial by jury in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Raford prays for judgment against the Defendant Christopher Bradford as follows:

A. Economic and non-economic damages in an amount to be determined at trial;

B. Punitive damages;

C. Prejudgment and post-judgment interest as allowed by Utah law;

D. Court costs pursuant to USCS Fed. Rules Civ. Proc. R. 54 and pre-judgment and post-judgment interest; and

E. For such other relief as this Court deems equitable, just, and appropriate under the circumstances.

DATED this 10th day of November 2025.

PECK BAXTER WATKINS & BAILEY

*/s/Brandon J. Baxter*
Brandon J. Baxter
*Attorneys for Plaintiff*